UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
97 AUG 22 PM 4:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

RONALD C. BRYANT and )
JERRY M. BRYANT, )
　　　　　　　　　　　　　　　　)
　　　Plaintiffs, )
　　　　　　　　　　　　　　　　)
vs. ) Civil Action No. CV-97-S-1566-NE
　　　　　　　　　　　　　　　　)
WAL-MART STORES, INC., )
et al., )
　　　　　　　　　　　　　　　　)
　　　Defendants. )

ENTERED
AUG 22 1997

## MEMORANDUM OPINION

This action is before the court on plaintiffs' motion for leave to amend the complaint, and, motion to remand. Upon consideration of the motions, pleadings, and briefs of counsel, this court concludes that both motions are due to be granted.

### I. DISCUSSION

On May 8, 1997, plaintiffs filed suit in the Circuit Court of Morgan County, Alabama. Ronald Bryant alleges that he slipped and fell on the floor of defendant's store in Decatur, Alabama (Complaint at 3, ¶ 3), and sustained the following injuries:

> a comminuted fracture of his left patella and other physical injuries to his left knee and leg; he was bruised and confused; he was permanently injured and damaged, his nervous system was greatly shocked and impaired; he was caused to suffer great physical pain, suffering and mental anguish and will suffer from the same in the future; he has incurred substantial expenses for medical treatment and will incur additional expenses of a like nature in the future; his activities have been permanently reduced and restricted; and he was otherwise physically injured.

7

(Complaint at 4, ¶ 5.)  His spouse, Jerry Bryant, alleges loss of consortium as a result of the injuries to her husband.  (Complaint at 5, ¶ 2.)  Each plaintiff requested as damages "such sum as the jury may assess and costs."  (Complaint at 4, ¶ 5, and at 5, ¶ 2.)

On June 27, 1997, defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 and § 1446.  In addition to alleging diversity of citizenship, defendant said only that "the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interests and costs in compliance with 28 U.S.C. § 1332."  (Defendant's Notice of Removal ¶ 4.)  Plaintiffs now seek to amend the complaint to specify damages less than the jurisdictional amount required in diversity cases.  The proposed amendment deletes the original *ad damnum* clauses and replaces them with the following:

> COUNT ONE
> WHEREFORE, Plaintiff Ronald C. Bryant demands judgment against the Defendants, in such sum as the jury may assess, but not to exceed the sum of SEVENTY FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, and costs.
>
> COUNT TWO
> WHEREFORE, Plaintiff Jerry M. Bryant demands judgment against the Defendants, in such sum as the jury may assess, but not to exceed the sum of SEVENTY FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, and costs.

(Plaintiffs' Proposed Amendment to Complaint at 1, 2.)

The Federal Rules of Civil Procedure permit liberal amendment of pleadings, although leave of court is required after responsive pleadings have been filed.  *See* Fed. R. Civ. P. 15 (stating leave of court "shall be freely given when justice so requires").  Here,

however, plaintiffs' proposed amendment would have the effect of divesting this Court of jurisdiction. Generally, federal jurisdiction may not be ousted by events occurring subsequent to removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293-94, 58 S. Ct. 586, 592-93, 82 L. Ed. 845 (1938). Nevertheless, where the original complaint seeks an unspecified amount of damages, subsequent clarification of ambiguous pleadings may be permitted even if the amendment effectively ousts federal jurisdiction. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993). Moreover, 28 U.S.C. § 1447(c) provides in pertinent part that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" (emphasis supplied). Additionally, where proper, policy in the Eleventh Circuit favors remand. *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995).

The burden of proving jurisdiction for purposes of removal rests with the removing defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *Bolling*, 900 F. Supp. at 403. Where a plaintiff has specifically claimed less than the jurisdictional amount, the defendant must show to a legal certainty that plaintiff's claim must exceed $75,000 in order to defeat a motion to remand. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092,

3

AUG-22-1997 16:50        205 551 0741        97%        P.05

1095 (11th Cir. 1994). The rule is different in cases where the plaintiff does not claim a specific amount of damages:

> Where a plaintiff has made an <u>unspecified demand</u> for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a "preponderance of the evidence" standard.

*Tapscott*, 77 F.3d at 1357.

The Court first looks to whether the original pleadings plainly allege damages which exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Here, the amount in controversy is not facially apparent from the complaint, because plaintiffs seek only "such sum as the jury may assess and costs." (Complaint at 4, ¶ 5, and at 5, ¶ 2.) Accordingly, defendant must prove by a preponderance of the evidence that jurisdiction is proper in this case. Yet, the defendant opposes plaintiffs' motion by merely reiterating plaintiff Ronald Bryant's claim of injuries. (*See* Defendant's Response to Plaintiffs' Motion to Amend Complaint and Motion to Remand ¶ 1.) Defendant's attempt to meet its burden solely by reliance on the allegations of injury in the complaint falls short of meeting its burden. *See King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996) (remanding slip and fall case where defendant opposed motion to remand by referring solely to

4

AUG-22-1997 16:46        USDC HUNTSVILLE        205 551 0741        P.003/005

AUG-22-1997 16:51   205 551 0741   97%   P.06

plaintiff's allegations in the complaint). On nearly identical facts, the federal district court in Indiana aptly noted:

> Defendant Wal-Mart conclusorily states that Plaintiff's allegations themselves may be relied upon as competent evidence that the value of Plaintiff's claims exceeds $[75,000]. . . . Obviously, Defendant cannot satisfy its burden solely through its reliance upon the general allegations in Plaintiff's complaint. Defendant is not well served by resting upon the complaint's general allegations as evidence of the jurisdictional amount, because it is not "competent proof" and, more significantly, the value of the stated allegations is at the very heart of the dispute.

King, 940 F. Supp. at 216-17.

Hence, the only pertinent evidence presented on the valuation of plaintiffs' claims comes from plaintiffs' proposed amended complaint. This amendment is the first statement by the plaintiffs as to the estimated value of their claims. Plaintiffs are not controverting an earlier valuation of their claims. The amendment falls within the exception permitting clarification of pleadings even where federal jurisdiction is ousted. See Dow Quimica, 988 F.2d at 565.

Therefore, the Court finds the amendment serves to clarify an unspecified demand for damages and, in deference to the liberal federal rules regarding amendment of pleadings, justice will best be served by permitting the amendment. This Court treats plaintiffs' amended complaint as certification that plaintiffs will neither seek nor accept damages in excess of $75,000 on each count. In the event plaintiffs later seek more, this Court will assume jurisdiction upon the filing of another, proper notice of removal

5

AUG-22-1997 16:46   USDC HUNTSVILLE   205 551 0741

AUG-22-1997 16:51    205 551 0741    96%    TOTAL P.007    P.07

by defendant. Accordingly, because defendant has not shown by a preponderance of the evidence the requisite amount in controversy, jurisdiction in this Court is not proper. Plaintiffs' motion to remand the amended complaint to state court is due to be granted.

### III. CONCLUSION

For the foregoing reasons, this action shall be remanded to the Circuit Court of Morgan County, Alabama. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 22nd day of August, 1997.

United States District Judge

6

AUG-22-1997 16:46    USDC HUNTSVILLE    205 551 0741    P.007/007